### MISSISSIPPI GLASS CO. v. FRANZEN.

#### (Circuit Court, W. D. Pennsylvania.   July 3, 1905.)

#### No. 5.

PATENTS—ASSIGNMENT—INVENTION OF EMPLOYÉ.

> Where a patent was applied for after the termination of an employment under a contract providing that the employé would execute any and all assignments in writing which might be deemed by the employer proper and necessary to transfer and vest in it the entire right, title, and interest to all inventions and discoveries made by the employé during the term of his employment, the patent vested in the employé, and the burden was on the employer to show by the weight of proof that the invention covered thereby was made by the employé during his employment.

> [Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, § 125.]

Arthur J. Baldwin and Wm. L. Pierce, for complainant.
Christy & Christy, for respondent.

BUFFINGTON, District Judge. This is a bill in equity filed by the Mississippi Glass Company, a corporation of Missouri, against Nicklas Franzen, a citizen of Pennsylvania, to compel him to assign, in pursuance of a contract made by him, dated February 4, 1901, patent No. 741,125, issued October 13, 1903, covering a certain process for making wire glass, and an apparatus application for using said process, which is still pending. This contract provided that Franzen, who was employed by the complainant as an assistant superintendent, "will when required, make and execute any and all assignments in writing which may be deemed by the employer proper or necessary to transfer and vest in the employer the entire right, title and interest in all inventions and discoveries made by the employed [Franzen] during the term of his employment." Franzen terminated his employment with the company May, 1903. On June 17th following he applied for the patent in question, and

the same was granted October 13th following. We assume for present purposes, but without deciding that question, that this unilateral contract, wherein it is agreed that "no breach by the employer of any contract of employment or any other contract, and no act or omission by the employer, shall be deemed or considered an excuse or justification for any violation of any of the obligations herein contained on the part of the employee," will be enforced by a court of equity. It is clear, however, that this patent, being applied for subsequent to the termination of the employment, vests the ownership thereof in Franzen, the patentee, and the burden is upon the complainant to show by the weight of the proof that the invention covered thereby was made by Franzen during his employment. This burden, we think, the complainant has failed to meet. No witness affirmatively proves Franzen did invent the device during the term of his employment, and the latter, when called by the complainant as a witness, fixes the time as antedating such employment. The testimony introduced by complainant is merely negative, and there is an absence of positive, affirmative testimony which establishes the making of this invention as occurring during Franzen's employment. In view of the lack of such proof, we are of opinion that he cannot be deprived of that property which became his by the issue of the patent. Moreover, there is testimony corroborating Franzen in his contention that the invention was made at an earlier period than that of his employment by complainant.

Upon full consideration, we are of opinion this bill should be dismissed, and it is so ordered.